**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:13-CV-311-RJC-DCK**

| | | |
|---|---|---|
| **BETH HERSHBERGER GIBSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **BRANCH BANKING & TRUST COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Or, Alternatively, To Strike Jury Demand" (Document No. 6). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and, applicable authority, the undersigned will recommend that the motion to dismiss be <u>denied</u>.

## BACKGROUND

The undersigned notes that the pending "Defendant's Motion To Dismiss Or, Alternatively, To Strike Jury Demand" (Document No. 6) was filed on July 22, 2013. Since then, on August 28, 2013, the parties filed a "Stipulation Of Consent To File First Amended Complaint" (Document No. 12), pursuant to Fed.R.Civ.P. 15(a)(2), and then Plaintiff filed her "First Amended Complaint" (Document No. 13).

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P.

15(a)(1).  Rule 15 further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

It appears that there has been no initial attorney's conference, and that no discovery has taken place thus far in this matter.  Because Plaintiff has filed a "First Amended Complaint" (Document No. 13) which supersedes the original Complaint, the undersigned will respectfully recommend that "Defendant's Motion To Dismiss Or, Alternatively, To Strike Jury Demand" (Document No. 6) be denied as moot.  This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the First Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.  Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.");  see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint");  Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A  pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.");  Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008);  and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Or, Alternatively, To Strike Jury Demand" (Document No. 6) be **DENIED AS MOOT**, and that Defendant be directed to file an Answer, or otherwise respond to Plaintiff's "First Amended Complaint" (Document No. 13) on or before **September 20, 2013**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED.**

Signed: August 29, 2013

David C. Keesler
United States Magistrate Judge