# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-311-RJC-DCK

| | |
|---|---|
| BETH HERSHBERGER GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| BRANCH BANKING & TRUST COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Partially Dismiss Plaintiff's First Amended Complaint" (Document No. 17). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

## I. BACKGROUND

Plaintiff Beth Hershberger Gibson ("Plaintiff" or "Gibson") filed her "First Amended Complaint" (Document No. 13) on August 28, 2013. The Amended Complaint asserts claims for violations of: the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.* ("ADA"); the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1) ("FMLA"); the Employee Retirement Income Security Act, 29 U.S.C. § 1140 ("ERISA"); and, for wrongful discharge. (Document No. 13). On September 10, 2013, Defendant Branch Banking And Trust Company ("Defendant" or "BB&T") filed "Defendant's Answer To Plaintiff's First Amended Complaint" (Document No. 16), as well as "Defendant's Motion To Partially Dismiss Plaintiff's First Amended Complaint" (Document No. 17). By the pending motion, Defendant seeks the dismissal of

Plaintiff's Third Cause of Action asserted under Section 510 of ERISA, 29 U.S.C. § 1140, pursuant to Rule 12(b)(6). (Document No. 17).

"Plaintiff's Response To Defendant's Partial Motion To Dismiss" (Document No. 21) was filed on October 2, 2013, and a "Reply Brief In Support Of Defendant's Partial Motion To Dismiss…" (Document No. 22) was filed on October 15, 2013. As such, the pending motion is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on

> a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant notes that

> Section 510 of ERISA makes it unlawful for an employer to "discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purposes of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ."

(Document No. 18, p.4) (citing 29 U.S.C. § 1140).

According to Defendant, Plaintiff has failed to allege sufficient facts to make a showing that Defendant acted with the specific intent of interfering with Plaintiff's attainment of her benefits. (Document No. 18, pp.1, 6-7) (citing Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 238 (4th Cir. 1991). Defendant argues that Plaintiff's allegations about the cost of her health insurance benefits, the suspected inclusion of her on reports related to benefit expenses, and the purportedly pretextual basis for her termination, are not enough to show that Defendant specifically intended to interfere with her attainment of benefits. (Document No. 18, p.8) (citing Conkwright, 933 F.2d at 239).

Defendant further argues that Plaintiff has failed to allege that her managers at BB&T "had a mindset to prevent her from obtaining benefits or held any animosity toward her related to her insurance claims" and that she has failed to assert facts showing that Defendant's stated reason for terminating her was a pretext. Id. Defendant concludes that Plaintiff's "Section 510 claim is predicated on conclusory, unsupported allegations." (Document No. 18, p.9).

As an initial matter, Plaintiff agrees with Defendant's reliance on Conkwright, and asserts that it is "the controlling authority for the elements of a § 510 claim in this Circuit." (Document No. 21, p.5). Plaintiff further contends that Conkwright

> approved of the use of the McDonnell Douglas pattern of circumstantial proof to show that an employer's adverse decision was, more likely than not, motivated in part by a desire to deny or to interfere with an employee's benefits. . . .
>
>> In seeking to prove specific intent, **a claimant in the ERISA context confronts proof problems similar to those encountered by Title VII plaintiffs: employers rarely, if ever, memorialize their specific intent to act unlawfully**. For that reason, other courts considering § 510 claims have borrowed the Title VII, McDonnell Douglas scheme of proof for the purpose of proof. . . We hold that the McDonnell Douglas scheme of presumptions and shifting burdens of production is appropriate in the context of discriminatory discharge claims brought under § 510 of ERISA. . . .
>
> Conkwright, 933 F.2d at 239. Four years after Conkwright, the Fourth Circuit articulated the proof scheme again in an age discrimination and ERISA § 510 case.
>
>> [A plaintiff] must show that she is in the protected class, that she was qualified for the position she sought, and that she was not offered the position "under circumstances that give rise to an inference of discrimination."
>
> Henson v. Liggett Grp., Inc., 61 F.3d 270, 277 (4th Cir. 1995)

(Document No. 21, pp.5-6) (emphasis added).  See also, Blair v. Young Phillips Corp., 235 F.Supp.2d 465, 473 (M.D.N.C. 2002);  Smith v. West Manheim Township, 2012 WL 3779651, at *3-4 (M.D.Pa. Aug. 21, 2012) ("at this early stage of the litigation, [Plaintiff] is only required to plead facts, which, when take[n] as true, allow the court to draw the reasonable inference that [Defendant] is liable for interfering with h[er] ERISA rights").

Based on the foregoing, Plaintiff argues that she has sufficiently alleged the element of a *prima facie* case:  she was a participant in an ERISA covered plan;  she was qualified for her job – her September 15, 2011 annual review showed she was performing well;  and that she was fired "under circumstances that give rise to an inference of discrimination." (Document No. 21, p.6).  Plaintiff contends the reason given for her dismissal – that she erroneously approved a teller's transaction for $5,000 – was a complete pretext.  Id.  Moreover, Plaintiff asserts that "Defendant created a false personnel record to make it appear she was in final warning status at the time she was fired."  Id.  Plaintiff concludes that she has adequately pled the elements of a § 510 claim to survive at this stage of the litigation.  (Document No. 21, pp.6-11).

In its reply, Defendant argues that it is not sufficient for Plaintiff to plead the *prima facie* elements of a § 510 claim.  (Document No. 22, p.3).  Rather, Defendant seems to assert that a Plaintiff must *prove* the specific intent of her employer to survive a motion to dismiss.  Id.  In making this assertion Defendant relies on cases decided at summary judgment.  Id.  While Defendant's reasoning may prevail at a later stage of this litigation, the undersigned is not persuaded that Plaintiff's ERISA claim should be dismissed now.

After careful consideration of the parties' arguments and the applicable standard of review, the undersigned is satisfied that Plaintiff's Amended Complaint is adequate to survive a

5

Rule 12(b)(6) motion to dismiss. The undersigned finds Plaintiff's claim(s) to be facially plausible, and will therefore recommend that this matter continue to discovery.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Partially Dismiss Plaintiff's First Amended Complaint" (Document No. 17) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 28, 2014

David C. Keesler
United States Magistrate Judge