UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-311-RJC-DCK

| BETH HERSHBERGER GIBSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| BRANCH BANKING & TRUST COMPANY, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on two motions by Defendants, including: Motion to Dismiss or, Alternately, to Strike Jury Demand (Doc. 6); and, Motion To Partially Dismiss Plaintiff's First Amended Complaint, (Doc. 17). In two separately issued Memoranda and Recommendations (M&R), (Docs. 15, 23), the Magistrate Judge recommending that this Court deny each of Defendants' Motion. The parties have not filed objections to either of the M&Rs, and the time for doing so has long expired. FED. R. CIV. P. 72(b)(2).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations

to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. 72(b). No objection to the M&R having been filed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full and careful review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's respective Memoranda and Recommendations, (Docs. 15, 23), are **ADOPTED** and Defendant's Motion to Dismiss or, Alternately, to Strike Jury Demand (Doc. 6) and Defendant's Motion to Partially Dismiss

Plaintiff's First Amended Complaint, (Doc. 17), are **DENIED.**

**It is so ordered.**

_____
Robert J. Conrad, Jr.
United States District Judge